UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| DANIEL ADAM JONES, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | No. 1:12-cv-00089 |
| | ) | Judge Haynes |
| v. | ) | |
| | ) | |
| OFFICER JAY SILVERTHORNE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## O R D E R

The Plaintiff, an inmate at the Maury County Jail in Columbia, Tennessee, brings this *pro se* action under 42 U.S.C. § 1983. (Docket No. 1). The Plaintiff has submitted an application to proceed *in forma pauperis*. (Docket No. 2).

Administrative Order No. 93 provides that a prisoner's application to proceed *in forma pauperis* must include a signature of the authorized custodian of prison accounts that has been "properly notarized by a licensed notary public of the State of Tennessee." Although the Plaintiff's application to proceed *in forma pauperis* includes a signed statement from the custodian of accounts that has been notarized, neither the notary public nor custodian indicated the current balance of the inmate's trust fund account. (Docket No. 2 at p. 3).

Further, the Plaintiff has not provided a certified copy of his inmate trust fund account statement for the 6-month period immediately preceding the filing of his complaint as required by 28 U.S.C.§ 1915(a)(2).

The Clerk is directed to make a copy of the Plaintiff's application to proceed *in forma pauperis* for the court's records and return the original application to the Plaintiff so that he can comply with Administrative Order No. 93. Further, the Clerk is directed to mail the Plaintiff a copy

of Administrative Order No. 93 for the Plaintiff's convenience.

In turn, the Plaintiff is directed to do one of the following within thirty (30) days of the date that he receives this Order: (1) either pay the full three hundred fifty dollar ($350.00) filing fee; or (2) return to the district court a properly completed application to proceed *in forma pauperis* **and** a certified copy of his inmate trust fund account statement for the 6-month period immediately preceding the date of the entry of this Order, as required under 28 U.S.C. § 1915(a)(2).

The Plaintiff is forewarned that, if he does not comply with this order within the time specified, the Court is required to presume that he is not a pauper, assess the full amount of filing fee, and order the case dismissed for want of prosecution. *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). If the case is dismissed under these circumstances, it will not be reinstated to the Court's active docket despite any subsequent correction of the documentary deficiency, or payment of the filing fee. *Id.*

An extension of time to submit the required 6-month statement, or to pay the $350.00 filing fee, may be requested from this Court Court if a motion for an extension of time is filed within thirty (30) days of the date of entry of this order. *Id.* at 605; *Floyd v. United States Postal Service*, 105 F.3d 274, 279 (6th Cir. 1997), *superseded on other grounds by* Rule 24, Fed. R. App. P.

It is so **ORDERED**.

ENTERED this the 15th day of August, 2012.

William J. Haynes, Jr.
United States District Judge